**In re Harold Ray BOYD, Debtor.**

**No. 99–80463–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Oct. 24, 2005.

Andrews, Tommy Jr., Alexandria, VA, for Debtor.

## *MEMORANDUM OPINION*

ROBERT G. MAYER, Bankruptcy Judge.

This court is called upon to address the question of the effect of a discharge on an omitted creditor. Harold Ray Boyd filed a chapter 13 petition on June 7, 1999. Shortly thereafter, on June 19, 1999, John W. Carter was struck by an automobile owned by the debtor but driven by his son. The debtor had no insurance. In April 2000, Carter filed suit against the debtor. He obtained a default judgment against the debtor for $3,000,000 on July 17, 2000. Carter's insurance company paid him $70,000 under his own uninsured motorists coverage. The debtor converted his chapter 13 case to a case under chapter 7 on December 30, 2002 and was granted a chapter 7 discharge on April 25, 2003. No bar date to file proofs of claims was set in the converted case and it was closed as a no-asset case.

A claim against the debtor that arises after the order for relief but before conversion of the case under § 1307 is treated "for all purposes as if such claim had arisen immediately before the date of the filing of the petition." 11 U.S.C. § 348(d). On conversion, the debtor is required to file a schedule of unpaid debts incurred after the filing of the petition and before conversion of the case. F.R.Bankr.P. 1019(5)(B)(i). The debtor filed an amended schedule that listed Carter's insurance

company that had paid Carter on its uninsured motorists coverage. Carter, though, was not added.

Carter filed a garnishment against the debtor's employer on April 21, 2005. The employer withheld money from the debtor's wages. On May 24, 2005, the debtor filed a Suggestion of Bankruptcy in the garnishment action. Carter took no action to dismiss or suspend the garnishment and further money was withheld from the debtor's paycheck. The matter is now before the court on the debtor's motion for an order to show cause why Carter and his attorneys should not be held in contempt for violating the discharge injunction. 11 U.S.C. § 524(a).

Carter and his attorneys assert that the debt was not discharged because the debtor did not list it in his schedules, that his failure to list it was intentional and that they have been prejudiced because they spent time and money trying to collect the debt. They acknowledge that had the debt been timely and properly scheduled, it would have been discharged.[1]

The question of the unlisted creditor has been addressed by many courts, including this one. Judge Mitchell of this court discussed it and the two approaches at length in *In re Woolard*, 190 B.R. 70 (Bankr.E.D.Va.1995). One approach allows amending schedules to add unlisted creditors at any time as long as the omission was not intentional. The second permits all amendments and concludes that the obligation to the omitted creditor is discharged unless it is of the type that falls under § 523(a)(2), (4) or (6).

■ The second approach, absent constitutional due process considerations peculiar to a particular case, is the better approach. Congress recognized the problem and addressed it. Section 523(a)(3) specifically resolves the issue. It provides:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this section, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

Carter was not listed or scheduled. He acknowledges that his debt is not one specified in § 523(a)(2), (4) or (6). He can still file a timely proof of claim because no bar date has been set. It follows from the plain language of the statute that the debt is discharged.

■ Congress could have resolved the issue in other ways. It could have decided that unscheduled debts were not discharged. It could have limited the discharge under § 523(a)(3) to innocent or non-intentional omissions. It did not do so. Its solution is plain and unambiguous. The predicate is simply that the creditor was omitted. The debt is discharged un-

---

**1.** Pursuant to a local procedure, the debtor amended his schedules to add Carter on June 29, 2005.

less the creditor is disadvantaged by not being able to share in a distribution in the case or is unable to challenge the dischargeability of his claim. No intent or reason for the failure to list a creditor is required.

The matter will be heard on the appropriate sanction for the violation of § 524(a).